**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1169-16T1

MICHELLE LOMET,

    Petitioner-Appellant,

and

DENNIS LOMET, SR.,

    Petitioner,

v.

LAWES COAL COMPANY,

    Respondent-Respondent.

_____

Argued March 12, 2018 — Decided July 11, 2018

Before Judges O'Connor and Vernoia.

On appeal from the Department of Labor and
Workforce Development, Division of Workers'
Compensation, Claim Petition Nos. 2012-16521
and 2012-32718.

Michelle Lomet, appellant, argued the cause
pro se.

David P. Kendall argued the cause for
respondent (Ann DeBellis, of counsel and on
the brief).

PER CURIAM

Appellant Michelle Lomet is the widow of Dennis Lomet, Sr.[1] She appeals from a Division of Worker's Compensation order dismissing a petition Dennis filed after he was diagnosed with lung cancer, in which he sought worker's compensation benefits from respondent Lawes Coal Company (Lawes). The order also dismissed a dependency claim petition Michelle filed. The two petitions were consolidated for the hearing, in which the sole issue was whether the lung cancer from which Dennis died was caused by exposure to asbestos and other chemicals during his employment with Lawes.

After reviewing the evidence adduced at the hearing and the applicable legal principles, we affirm for the reasons set forth in the judge of compensation's October 6, 2016 oral decision.

Dennis was employed by Lawes from 1987 to 2012, when he died of lung cancer at the age of forty-seven. His job duties at Lawes were to install, remove, or repair heating and air conditioning equipment. He had never been a smoker. Before his death, he informed one of his treating physicians that he had been exposed to chemicals, soot, and asbestos in the workplace.

One of Dennis's friends who worked for Lawes from 1987 through 1992 testified he believed he and Dennis were exposed to

---

[1]  To avoid confusion, we refer to Michelle Lomet as "Michelle" and Dennis Lomet, Sr., as "Dennis." We intend no disrespect by referring to these parties by their forenames.

2

asbestos during that five year period. Michelle testified that when Dennis came home from work, she often observed him blowing his nose, and saw black material come out of his nose when he did so. In addition, he often had to shower twice in order to get clean. There was no other evidence about Dennis's alleged exposure to asbestos or other chemicals while he worked for Lawes.

Michelle called William A. Lerner, M.D., as her expert oncologist. On the question of what caused the lung cancer in Dennis to develop, the substance of Dr. Lerner's testimony was:

> There are a lot of things out there that are . . . known carcinogens[] that are contributing to developing lung cancer. In somebody who is exposed to chemicals like that and asbestos with no other smoking history and no other known cause for his lung cancer[,] a reasonable probability of these carcinogens causing [Dennis's] lung cancer . . . is not unreasonable as a conclusion.

He subsequently testified:

> There are lots of things that we don't know why people get certain cancers. . . . [T]here are things that we don't know that he may or may not have been exposed to that could have led to his increased risk of lung cancer.

Lawes' expert oncologist, Jack Goldberg, M.D., testified that if asbestos fibers enter the lung and cause cancer, neural plaques and "B readers" are visualized on radiographical films.

3

He noted none of these was found on Dennis's radiographical studies. Further, none of the pathological studies indicated Dennis had been exposed to asbestos. In addition, Dr. Goldberg testified the radiographical studies failed to show evidence Dennis's cancer was caused by chemical exposure.

The judge found Dr. Goldberg more credible than Dr. Lerner, and concluded that even if Dennis had been exposed to asbestos or carcinogenic chemicals when he worked for Lawes, there was no objective medical evidence such exposure caused or contributed to the onset of Dennis's lung cancer. As the judge stated, this is "a case where there [is] zero medical evidence and 100% medical speculation."

On appeal, Michelle argues there was sufficient evidence Dennis was exposed to asbestos or other chemicals while he worked for Lawes that led to his developing lung cancer.

The scope of our review is limited. Our function is to determine "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge . . . their credibility." Close v. Kordulak Bros., 44 N.J. 589, 599 (1965) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

4

N.J.S.A. 34:15-31 defines a compensable occupational disease as any "disease[] arising out of and in the course of employment, which [is] due in a material degree to causes and conditions which are or were characteristic of or peculiar to a particular trade, occupation, process or place of employment." "Material degree" means "a degree substantially greater than de minimis." Fiore v. Consol. Freightways, 140 N.J. 452, 467 (1995).

The burden is on a petitioner to prove his case by a preponderance of the evidence. Rivers v. Am. Radiator Standard Sanitary Corp., 24 N.J. Misc. 223, 227 (C.P. 1946). A petitioner seeking worker's compensation benefits must prove both legal and medical causation when those issues are contested. Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 259 (2003). Medical causation means the disability is a consequence of work exposure. Ibid. Legal causation requires proof the disability is work connected. Kasper v. Board of Trustees of Teachers' Pension and Annuity Fund, 164 N.J. 564, 591 (2000) (Coleman, J., concurring).

We have examined the evidence, and concur with the judge of compensation's finding there was no evidence of substance that causally links Dennis's lung cancer to asbestos or other chemicals to which he may have been exposed while working for

5

Lawes. Even if Dennis had come into contact with such agents, there was no evidence of the extent to which he was exposed. Further, the judge credited Dr. Goldberg's testimony, who testified that if Dennis's cancer were caused by asbestos or chemical exposure, evidence of such exposure would have but did not appear on his radiographical and pathological studies. Because the judge's findings were reached on sufficient credible evidence present in the record, we must affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1169-16T1